Wright, J.,
delivered .the opinion of the Court.
This record does not come collaterally, but directly, *129 before ns upon a writ of error. The land and slaves have not been sold, and there is no question with the purchaser. Matters of error, as well as of jurisdiction, are open for decision.
The decree of the Chancellor is erroneous.
1st. James L. Crippen, one of the infant heirs of John E. Crippen, deceased, was not served with process, and is not before the Court. The answer of the guardian ad litem does not give the Court jurisdiction.
2d. The bill or petition being for the sale of slaves, to pay debts, should have been sworn to, under the act of 1827, ch. 61, § 2, (C. and N. Rev., 83,) 1 Meigs’ Dig., 29.
3d. Before a decree was had to sell land or slaves, to pay debts, there should have been an account with the administrator of the assets of the estate received by him, or which he ought to have received, and of such bona fide debts and charges upon the estate as he may have paid; so as to enable the Court to have proper evidence before it of the necessity of the sale of the slaves or lands to pay the remaining debts.
4th. There should also have been an account and report as to the remaining bona fide debts and charges outstanding against the estate. And these should have been established, by proper evidence, to the satisfaction of the Chancellor, rejecting all such claims as appeared to be involved, or barred by the act of 1789, ch. 23, §. 4, (C. & N. Rev., 75).
This was the more especially necessary in this case, because it appears that nearly four years have elapsed since the grant of administration; and this act of As-is the administrator and the *130 Courts; and the heirs and distributees are entitled to the full benefit of it, in order to protect the land and slaves inherited by them from their ancestor against unjust demands.
The Court should sell only so many of the slaves, or so much of the land, as may be necessary to pay the debts; and to act intelligibly, it is manifest they must first be ascertained.
We reverse and set aside the decree of the Chancellor, and remand the cause to the Chancery Court, for such further proceedings as may he proper in the case. !EThis reversal is not intended to disturb the decree or proceedings under the cross-bill.